NEWMAN, Circuit Judge,
dissenting.
The law of “anticipation” does not change in the special situation where claims contain both product and process limitations. The panel majority perpetuates a confusing misunderstanding of precedent governing product-by-process claims, ignoring the opportunity and need for clarification.
In this case the district court found “anticipation” based on a claim construction that erased critical limitations of the claim. At issue are claims that require the use of a specified process for the commercial production of tablets of the known pharmaceutical product paroxetine (Paxil®). The claims are simple and straightforward, and state the processing steps that produce the stabilized tableted product, as follows:
1. A pharmaceutical composition in tablet form containing paroxetine, produced on a commercial scale by a process which comprises the steps of:
a) dry admixing paroxetine and excip-ients in a mixer to form a mixture; or
b) dry admixing paroxetine and excip-ients, compressing the resulting combination into a slug material or roller compacting the resulting combination into a strand material, and milling the prepared material into a free flowing mixture; and
c) compressing the mixture into tablets.
2. A pharmaceutical composition in tablet form according to claim 1 containing an amount of paroxetine selected from 10 mg, 20 mg, 30 mg, 40 mg and 50 mg, wherein the amount of paroxetine is expressed as the free base, produced on a commercial scale by a process which comprises the steps of:
a) dry admixing paroxetine and excip-ients in a mixer to form a mixture; or
b) dry admixing paroxetine and excip-ients, compressing the resulting combination into a slug material or roller compacting the resulting combination into a strand material, and milling the prepared material into a free flowing mixture; and
c) compressing the mixture into tablets using a single punch or rotary tablet machine.
The general rule of infringement is that every claim limitation or its equivalent must be represented in the accused activity. See Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997) (“Each element contained in a patent claim is deemed material in defining the scope of the patented invention.”) That which infringes if later, anticipates if earlier. Peters v. Active Manufacturing Co., 129 U.S. 530, 537, 9 S.Ct. 389, 32 L.Ed. 738 (1889); Door-Master Corp. v. Yorktowne, Inc., 256 F.3d 1308, 1312 (Fed.Cir.2001) (“‘[tjhat which infringes, if later, would anticipate, if earlier’”), (quoting Peters). These rules, like all rules, have generated exceptions, but the exceptions in connection with “anticipation” of claim content are rare, and represent a pragmatic adjustment to the needs of science, not law.
Such an exception exists -for inventions directed to a novel product that, although patentable as a product, cannot be adequately described other than by the way it was made; the process may or may not *1322 itself be novel, but that aspect is deemed irrelevant to the claim to the new product. This exception was created to accommodate the rare circumstances to which it has been applied, as illustrated in In re Thorpe, 777 F.2d 695 (Fed.Cir.1985) and Scripps Clinic & Research Foundation v. Genentech, Inc., 927 F.2d 1565 (Fed.Cir. 1991). Yet the courts, including my colleagues on this panel, do not appear to have understood the role of the exception, as illustrated in the holding in this case. Thus my colleagues today adopt a one-rule-fits-all rule for claims with process limitations, a rule that is seriously flawed. Instead of taking this opportunity to clarify the confusion surrounding this issue, the court exacerbates it. I must, respectfully, dissent.
I
CLAIM CONSTRUCTION
The SmithKline inventors in the ’944 patent describe the production of a stabilized paroxetine tablet by a specified process that reduces or eliminates the formation of a pink-colored catechol-based impurity. They claim the commercial pa-roxetine tablets produced by and limited to the specified process. That is their invention. They do not assert that the claims cover every form of paroxetine however it is .produced, and they report that paroxetine is well known. The district court, citing the confusion of conflicting Federal Circuit precedent, held that the process steps in the ’944 claims are not claim limitations, whereby the court held the claim invalid because pa-roxetine itself is a known compound.
It is not the law that process limitations in product claims are not claim limitations. It is not the law that process limitations are ignored in construing claims, whatever the nature of the invention. Claims state the invention for which a patent is sought. See 35 U.S.C. § 112 ¶ 2 (claims state “the subject matter which the applicant regards as his invention”). All claims are construed in light of the specification: the observer looks to the specification to ascertain what has been invented, and understands the claim accordingly. See Phillips v. AWH Corp., 415 F.3d 1303 (Fed.Cir. 2005) (en banc). This rule is not suspended when product and process limitations appear in the same claim. No precedent so requires, and no policy is served by this creative new rule.
Claim construction is a fact-dependent, invention-oriented exercise in logic and law. It requires judicial awareness that patent claims are directed to inventions which come in great variety. There is no need for judges to create one-type-fits-all pigeonholes for claims, even for claims containing process limitations.
When product and process limitation appear in the same claim it is generally because these limitations serve to define and distinguish the invention. Practitioners well understand the variety of types of claims that may contain both product and process limitations. As discussed by E.P. Mirabel, Product-by-Process Claims: A Practical Perspective, 68 J. Pat. & Trademark Off. Soc’y 3 (1986), the most prevalent types are (1) claims where the product is defined by the way it is made; (2) claims to a product that is limited by process steps, and (3) claims where a process limitation is a “structural” part of the product (e.g., a molded plastic). Failure to understand such distinctions led this court into debate at the time of Scripps Clinic, supra, and Atlantic Thermoplastics Co. v. Faytex Corp., 970 F.2d 834 (Fed.Cir.1992), a debate that remains of concern to practitioners and courts, see notes 3 and 6 in the majority opinion. The panel majority, apparently itself misunderstanding the distinctions debated in those cases, both pro *1323 longs the confusion and misapplies the law to the facts of this case.
This court has sharpened the principles of claim construction, in fulfilling its assignment to bring national uniformity to patent principles. Thus the court reaffirmed en banc in Phillips that claims are construed in light of the specification, recognizing that the claims- reflect the invention that is set forth in the specification. That is how we, our predecessor courts, and the Supreme Court, have always construed claims. For example, in Cochrane v. Badische Anilin & Soda Fabrik., 111 U.S. 293, 4 S.Ct. 455, 28 L.Ed. 433 (1884), the Court explained that claims to a new method of producing a known compound are limited to the new method, and do not cover the known compound however it is produced. In the case of General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 373, 58 S.Ct. 899, 82 L.Ed. 1402 (1938), the Court indicated that process limitations limit the claims to products produced by those processes unless the product itself is patentable, stating: “Although in some instances a claim may validly describe a new product with some reference to the method of production, a patentee who does not distinguish his product from what is old except by reference, express or constructive, to the process by which he produced it, cannot secure a monopoly on the product by whatever means produced.” And in Merrill v. Yeomans, 94 U.S. 568, 24 L.Ed. 235 (1877), the Court explained that the principal consideration is whether the invention is the product itself, or the product made by a particular method. The Court recognized the diversity of situations in which product claims can contain process limitations, stating that:
If the product is meant, the words “by treating them substantially as hereinbe-fore described” are useless. They are not only useless, but embarrassing; for, by the well-settled rules of construing all instruments, some importance must be attached to them; and, if they are to be regarded at all, they must either refer to the process of making the oils for which the applicant is claiming a patent, or they are intended to limit his claim for a patent for the product to that product only, when produced by treating the oils in the manner before described.
Merrill, 94 U.S. at 571.
These early cases nicely illustrate the fundamentals of modern-day claim construction in light of the specification; they are not a pronouncement that it is proper to ignore process limitations in product claims. To the contrary, all of these cases state the obverse of the panel majority’s view. These long-standing rules of claim construction have had many iterations, such as summarized by our predecessor court in In re Luck, 476 F.2d 650, 653 (CCPA 1973), that “to the extent these process limitations distinguish the product over the prior art, they must be given the same consideration as traditional product characteristics.” That is, the process limitations cannot be ignored.
While a patentee can choose how to claim his invention, the choice must be commensurate with the nature of the invention. Perhaps this is where the court lost its focus in the debate on Scripps and Atlantic Thermoplastics. When correctly viewed, these two decisions are not in conflict; they simply deal with different situations, as I have previously advised. See Id., 974 F.2d at 1282-84 (Newman, Rich and Lourie, JJ., dissenting from the denial of rehearing en banc). To the extent that these differences remain unclear, it is time for clarity.
In Scripps the invention was a novel protein (the blood clotting factor VIII:C) of unknown structure based on the science as it then existed. Applying precedent, this court held that the product claims *1324 characterized by the specific activity of the product were not limited to the method of production, and remanded for determination of infringement. Although advances of science have diminished the reason for such claims, this recognition of the complexity of this important new science filled a pragmatic need. I will not reprise the old debate. What is important,- now that the issue is again before us, is that it be correctly resolved.
The district court held that the process limitations in claims 1 and 2 do not limit the claims, such that the claims are simply directed to paroxetine, a known product, in the belief that Federal Circuit precedent so required. The court stated: “separated from the process limitations, claim 1 of the ’944 Patent is a ‘pharmaceutical composition in tablet form containing paroxe-tine,’ ” a product of the prior art, and held the claims invalid on the ground of anticipation. My colleagues repeat this error.
The fundamentals of claim analysis require that all of the claim limitations limit the claim. We have so held in myriad decisions. The panel majority’s holding that a claim to a product is never limited by the process limitations in the claim is an extraordinarily mischievous holding, for there are thousands of patents with such claims. It is for the inventor, not the judge, to state what has been invented and to choose how to claim it. Our system of patents absorbs a glorious variety of human ingenuity, and each year well over a hundred thousand patents are granted, each claiming a different invention, each including claim limitations that the paten-tee is entitled to rely upon to distinguish the invention and avert “anticipation.” Although my colleagues state that “[b]oth the district court and SmithKline misunderstand the nature of anticipation,” maj. op. at 1315, I fear that the misunderstanding is on the part of others.
The term “anticipation” in patent usage means that the invention was previously known to the public; that is, that it previously existed in the precise form in which it is claimed, including all of the limitations in the claim. It is not correct that, as a rule of claim construction, a claim that contains product and process limitations is free of the process limitations, whatever the nature of the invention. The district court felt constrained to apply the holding in Scripps to the quite different facts of this case, a constraint for which this court must take responsibility by refusing to clarify the growing uncertainty. When the process limitations in a claim distinguish the invention as a whole from the prior art, when they are material to the invention as set forth by the inventor, the claim cannot be “anticipated” by prior art that does not have all of the limitations in the claim. Helifix Ltd. v. Blok-Lok, Ltd., 208 F.3d 1339, 1346 (Fed.Cir.2000) (anticipating reference must disclose “each and every limitation of the claimed- invention”); General Electric Co. v. Nintendo Co., 179 F.3d 1350, 1356-57 (Fed.Cir.1999) (“To anticipate a claim, a reference must disclose every element of the challenged claim and enable one skilled in the art to make the anticipating subject matter.”). Applying the law correctly, the claims here at issue cannot be found on summary judgment to be anticipated.
II
RULE 54(B) AND SUMMARY JUDGMENT
The issue on this Rule 54(b) appeal of a summary judgment of anticipation related solely to the question of whether the process steps in the claims are limitations to the claims, for it is not disputed that if they are, the claims are not “anticipated.” In such case, remand would be the next step, to consider other issues that were not *1325 part of the Rule 54(b) judgment. In their opinion, my colleagues volunteer that various issues not mentioned in the summary judgment are deemed “waived,” apparently because they were not fully briefed and argued on this appeal.
It is surely procedurally incorrect to require that issues not properly before us because not decided by the district court, must nonetheless be briefed and argued on appeal. According to the panel majority, when the appellant sticks to the issues on appeal he risks a waiver of the non-issues; and when he argues non-issues he risks a scolding. This appellant tried to satisfy both factions, and received both punishments. The reference to “pigs hunting for truffles buried in briefs,” maj. op. at 1820, is misdirected.